UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID DRYSDALE, an individual,
and L. JOHN ARBIZZANI, as Trustee
of the L. JOHN ARBIZZANI
REVOCABLE TRUST 2001,

    Plaintiffs,                      CASE NO.: 3:23-cv-01240-HLA-JBT

v.

AUTOMATED CLINICAL
GUIDELINES, LLC, a Florida limited
liability company, DOUGLAS K. DEW,
M.D., an individual, and
DOUGLAS DEW, JR., an individual,

    Defendants.
_____/

## JOINT NOTICE OF SETTLEMENT

Plaintiffs, David Drysdale and L. John Arbizzani, as Trustee of the L. John Arbizzani Revocable Trust 2001 ("Plaintiffs"), and Defendants, Automated Clinical Guidelines, LLC, Douglas K. Dew, M.D., and Douglas Dew, Jr. ("Defendants") (collectively, the "Parties"), by and through their respective undersigned counsel and pursuant to Local Rule 3.09, Local Rules for the Middle District of Florida, hereby notify the Court that the Parties have entered into a settlement agreement, and state as follows:

    1.    On June 6, 2024, the Parties entered into a Settlement Agreement and Release (the "Settlement Agreement").

2. The settlement reached will resolve all disputes between the Parties; however, the settlement is contingent upon Defendants making an initial payment within ninety (90) days of the execution of the Settlement Agreement, i.e., by September 4, 2024. The Settlement Agreement further provides that immediately (no later than five (5) business days) after the Defendants make this initial payment, the Parties shall file a stipulation of dismissal with prejudice with the Court, i.e., by no later than September 11, 2024.

3. The Parties have no reason to believe that the initial payment will not be delivered to Plaintiffs within ninety (90) days of the execution of the Settlement Agreement.

4. The Parties are mindful of Local Rule 3.09(a) regarding notice to the Court of settlement. Consistent with the purpose of Local Rule 3.09, the Parties desire to notify the Court as soon as possible of the Settlement Agreement so that the Court and the Parties may avoid expending additional resources on continued litigation. The Parties are also mindful of Local Rule 3.09(b), which provides:

> When notified of an agreement to settle a civil action, a judge may dismiss the case subject to the right of a party to move within a stated time to re-open the case for entry of a stipulated final order or judgment or for further proceedings.

Local Rule 3.09(b).

5. However, given the complexity of the Settlement Agreement, including the delayed delivery of the initial payment by a period of ninety (90) days, the Parties respectfully submit that it would not necessarily be appropriate or prudent to issue an

order of dismissal pursuant to Local Rule 3.09(b) at this time. Instead, as set forth below, the Parties respectfully request that the Court suspend the obligations set forth in the Court's scheduling orders for a period of ninety (90) days for the Defendants to deliver the initial payment under the Settlement Agreement, after which time the Parties will file a joint stipulation for dismissal with prejudice.

6. Pursuant to the Court's Amended Case Management and Scheduling Order (D.E. 30), there are certain deadlines pending in this lawsuit, which, if not stayed by the Court, would require the Parties to expend additional attorneys' fees which are likely unnecessary given the executed Settlement Agreement. Specifically, the deadline for Plaintiffs to disclose expert reports is June 10, 2024; the deadline for Defendants to disclose expert reports is July 8, 2024; the deadline to disclose rebuttal expert reports is August 5, 2024; the deadline to mediate is August 2, 2024; and the deadline to complete discovery is August 9, 2024. These deadlines will pass before the Defendants' deadline to make the initial payment under the Settlement Agreement.

7. Accordingly, the Parties respectfully request that the Court stay this action and suspend the obligations set forth in the Court's scheduling order, pending further Order of the Court, for a period of ninety (90) days for the Defendants to deliver the initial payment under the Settlement Agreement. The Parties will immediately file a stipulation of dismissal with prejudice after the initial payment has been made. Should some unforeseen event prevent delivery of the initial payment, the Parties will immediately notify the Court of same.

8. Alternatively, if the Court is not inclined to stay this action for the period

of ninety (90) days, the Parties respectfully request that the Court dismiss the case subject to the right of either of the Parties to move to re-open the case in the event the initial payment is not made, or for other further proceedings as necessary to effectuate the settlement, in accordance with Local Rule 3.09.

WHEREFORE, the Parties jointly request the Court to issue an Order staying this action and suspending the deadlines set forth in the Court's Amended Case Management and Scheduling Order (D.E. 30) for a period of ninety (90) days, pending further Order of the Court, in order to allow the Parties to conclude the Settlement Agreement reached, or alternatively, to issue an Order dismissing this action, subject to the right of either of the Parties to move to re-open the case in accordance with Local Rule 3.09 as may be necessary.

Respectfully submitted,

| /s/ *Cassandra R. Daum* | /s/ *John P. McDermott, Jr.* |
|---|---|
| Alan S. Wachs | Michael J. Bittman |
| James R. McCachren | Daniel S. Newman |
| Cassandra R. Daum | John P. McDermott, Jr. |
| Smith, Gambrell & Russell, LLP | Nelson Mullins Riley & Scarborough LLP |
| 50 N. Laura Street, Suite 2600 | 2 S. Biscayne Blvd., Suite 2100 |
| Jacksonville, FL 32205 | Miami, FL 33131 |
| Telephone: (904) 598-6100 | Telephone: (305) 373-9467 |
| awachs@sgrlaw.com | mike.bittman@nelsonmullins.com |
| jmccachren@sgrlaw.com | dan.newman@nelsonmullins.com |
| cdaum@sgrlaw.com | john.mcdermott@nelsonmullins.com |
| dhsmith@sgrlaw.com | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on June 7, 2024. I also certify that the foregoing document is being served this day on counsel of record via transmission of Electronic Filing generated by CM/ECF.

*/s/ Cassandra R. Daum*
Attorney
